OPINION
{¶ 1} Defendant-appellant Robert Michael Jones appeals from the decision of the Belmont County Common Pleas Court which sentenced him to the maximum sentence of five years for sexual battery and found him to be a sexual predator. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On January 9, 2002, appellant was indicted for first degree felony rape with a force specification in violation of R.C. 2907.02(A)(1)(b), which entails purposely compelling one under age thirteen to submit to sexual conduct by force or threat of force. He was alleged to have fondled the penis of his six-year-old son and forced his son to perform oral sex on him over a one-year period of time.
 {¶ 3} On April 22, 2002, appellant entered into a plea bargain whereby he agreed to plead guilty to an amended charge of third degree felony sexual battery in violation of R.C. 2907.03(A)(5), which entails in relevant part engaging in sexual conduct with another when the offender is the other person's parent. The court conducted a plea hearing, found appellant guilty, and then ordered a presentence investigation and a sexual predator evaluation.
 {¶ 4} The sentencing and sexual predator hearings were held on June 3, 2002. A May 28, 2002 sexual re-offense risk assessment was admitted as an exhibit. (Tr. 12). The court released its sentencing entry on June 5, 2002. Appellant was sentenced to the maximum of five years for sexual battery and was labeled a sexual predator. Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 5} Appellant's first assignment of error contends:
 {¶ 6} "The trial court erred by failing to consider the purposes and principles of the felony sentencing set forth in Chapter 2929 of the Ohio Revised Code."
 {¶ 7} First, appellant sets forth a general argument that the trial court failed to consider the seriousness and recidivism factors outlined in R.C. 2929.12. This argument is without merit. For one thing, the trial court need not use specific language or make findings on the record to evince the requisite consideration of the applicable seriousness and recidivism factors. State v. Arnett (2000),88 Ohio St.3d 208, 215. For another thing, the trial court's judgment entry in this case expressly stated that it considered the principles and purposes of sentencing in accordance with R.C. 2929.11 and 2929.12. The court also specifically outlined all of the seriousness factors set forth in R.C. 2929.12(B) and (C) and the recidivism factors set forth in (D) and (E) and marked which factors it believed were applicable herein.
 {¶ 8} Appellant then argues that there is no indication of any mitigating factors in the transcript which could indicate a less severe sentence. However, this statement only works against appellant's argument that the sentence is inappropriate. Moreover, the absence of mitigating factors means that there is a lack of evidence that is reviewable on appeal as an appellate court conducting a direct appeal may only review what is in the record.
 {¶ 9} Appellant next mentions that the court failed to demonstrate why a minimum sentence should not be imposed. Initially, we note that if a maximum sentence is properly imposed, then the factors for deviating from the minimum need not be considered. R.C. 2929.14(B) (where the plain, statutory language sets forth R.C. 2929.14(C) as an exception);State v. Palmer (Nov. 19, 2001), 7th Dist. No. 99CA6. We will discuss the propriety of the maximum sentence infra.
 {¶ 10} Regardless, the court stated in the transcript that it would demean the seriousness of the offense and inadequately protect the public if the court imposed anything less than the maximum. As we have previously held, this language is sufficient to deviate from the minimum. Id., citing State v. White (1999), 135 Ohio App.3d 481 (noting that if the court states that maximum, concurrent sentences would demean the seriousness of the offense, then necessarily, a minimum sentence would demean the seriousness of the offense). See, also, State v. Rogers (Mar. 14, 2002), 7th Dist. No. 01CO5 (noting that if the court states that anything less than ten years would demean the seriousness, then the court necessarily found that the minimum of three years would demean the seriousness of the offense).
 {¶ 11} Nevertheless, the court's sentencing entry, in fact, expressly states both of the two alternative factors set forth in R.C. 2929.14(B) for deviating from the minimum sentence. Specifically, the court declared that it was imposing "a longer sentence due to its findings that the shortest sentence will demean the seriousness of the defendant's conduct and will not adequately protect the public from further crimes by defendant or others."
 {¶ 12} Lastly with regards to deviation from the minimum, we note that only findings are required. See R.C. 2929.19(B)(2). See, also, Statev. Edmonson (1999), 86 Ohio St.3d 324, 326. Reasons for making these findings need not be expressed. Id.
 {¶ 13} Finally, appellant argues that although the court made the requisite finding for imposition of the maximum under R.C. 2929.14(C), the court failed to state its reasons for imposing a maximum sentence as required by R.C. 2929.19(B)(2)(d). In the sentencing entry, the court found that "this is the worst type of sexual battery offense because it involves a minor child, and the defendant was in charge of the care, custody, and protection of this child." These can be construed as a statement of some reasons in support of its finding that this is one of the worst types of sexual battery.
 {¶ 14} The court also explained at the sentencing hearing, just before finding that "the offender committed the worst form of the offense," that the relationship with the victim facilitated the offense and appellant was an authority figure to the victim, that the injury to the victim was worsened by the victim's mental vulnerability and his tender age of six, and that the victim suffered serious psychological harm. As such, the court also made the requisite findings supported by reasons at the hearing. Accordingly, this assignment of error is overruled.
 {¶ 15} As an aside, we note that we reviewed both the transcript and the sentencing entry independently and found each to be sufficient standing alone. Most courts, including this one, have ruled that the sentencing court can view both in combination to find the requisite findings and reasons in support. See, e.g., State v. Rogers, 7th Dist. No. 01CO5, 2002-Ohio-1150, at ¶ 16; State v. Williams, 7th Dist. No. 00CA206, 2001-Ohio-3488, at ¶ 11; State v. Palmer (Nov. 19, 2001), 7th Dist. No. 99CA6. See, also, State v. Edmonson (1999),86 Ohio St.3d 324 (where the Supreme Court itself evaluated both the transcript and the sentencing entry to determine whether a proper finding for deviating from the minimum was made). Yet, the issue is currently pending before the Ohio Supreme Court in a certified conflict. See Statev. Comer, Supreme Court Case Nos. 02-0351 and 02-0422, set for hearing on March 12, 2003. Nonetheless, the Comer decision is irrelevant in this case because as aforementioned, the trial court herein made the proper and complete findings and reasons in both places.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 16} Appellant's second and final assignment of error alleges:
 {¶ 17} "The trial court erred in finding there was sufficient evidence to prove by clear and convincing evidence that appellant is a sexual predator."
 {¶ 18} A sexual predator is a person who has been convicted of committing a sexually oriented offense and is likely to engage in a sexually oriented offense in the future. R.C. 2950.01(E). It is undisputed that sexual battery is a sexually oriented offense. Thus, the remaining issue is whether the court had before it sufficient evidence to find that appellant is likely to engage in a sexually oriented offense in the future.
 {¶ 19} The court must determine that clear and convincing evidence exists to support this sexual predator label. R.C. 2950.09(C)(2). Clear and convincing evidence is that measure of proof that falls between the preponderance of the evidence and the beyond a reasonable doubt standards. Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121,122. As such, the evidence must establish in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id. In reviewing the record for sufficient proof of clear and convincing evidence, the appellate court must avoid substituting its judgment for that of the trial court where there exists competent and credible evidence supporting the trial court's determination. In reMental Illness of Thomas (1996), 108 Ohio App.3d 697, 700, citing Statev. Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 20} For the trial court to make its determination and for this court to review that determination, there must be a consideration of the evidence presented and all relevant factors, including but not limited to those set forth in R.C. 2950.09(B)(2). These factors are as follows: (a) the offender's age; (b) the offender's criminal record; (c) the victim's age; (d) the existence of multiple victims; (e) the use of drugs or alcohol to impair the victim; (f) whether the offender completed any prior sentences and whether the offender participated in a program for sexual offenders if the offender has a prior sexual offense conviction; (g) whether the offender suffers from any mental illness or mental disability; (h) the nature of the contact with the victim and whether the contact was part of a demonstrated pattern of abuse; (i) whether the offender displayed or threatened cruelty; (j) any additional behavioral characteristics that contribute to the offenders' conduct.
 {¶ 21} Appellant argues that the court did not have clear and convincing evidence before it that he was likely to reoffend. He states that the court relied on the risk assessment and argues that, as the disclaimer on the assessment advises, it is not an absolute predictor. We agree that a risk assessment is not an absolute predictor. See State v.Thompson (2001), 92 Ohio St.3d 584, 588 (noting "determining recidivism is at best an imperfect science"). Nothing is an absolute predictor. However, as previously set forth, the test is not absolute certainty or even beyond a reasonable doubt. Rather as appellant realizes, the test is clear and convincing evidence, i.e. that which impresses upon the fact-finder a firm conviction. Furthermore, the risk assessment represents unobjected to expert opinion which is permitted to be presented in a written report. State v. Eppinger (2001), 91 Ohio St.3d 158,166.
 {¶ 22} Appellant then complains that the prosecutor made statements regarding past actions and/or unprosecuted charges. This complaint refers to the prosecutor's statement, "there was another incident that had not been charged with his daughter * * * And even, as I said, as this case was being investigated, there was [sic] allegations of continuing abuse with his daughter." (Tr. 11-12).
 {¶ 23} The Supreme Court has ruled that reliable hearsay, such as that contained in a presentence investigation, is admissible in a sexual predator hearing. State v. Cook (1998), 83 Ohio St.3d 404, 425. This holding specifically allowed the court to consider hearsay in the form of a charge detailed in the presentence investigation regarding an offense against a different victim which had been dismissed pursuant to the plea agreement.
 {¶ 24} Various appellate courts, including this one, have also held that evidence of uncharged sexual assaults is admissible at a sexual predator hearing. See, e.g., State v. Roberts (2002), 147 Ohio App.3d 94,103 (where the Third District held that the court appropriately considered prior arrests which did not result in convictions); State v.Reed (May 16, 2001), 7th Dist. No. 00JE22 (finding that the court may consider the existence of victims of sexual assaults for which convictions do not exist because when listing the factors, the statute states "including but limited to" and because the Supreme Court has allowed consideration of hearsay evidence at a sexual predator hearing);State v. Burgess (July 10, 2000), 12th Dist. No. CA99-08-21 (holding that at a sexual predator hearing arising out of an assault against one child, the court could consider the fact that the police had previously received a complaint that the defendant placed his hand between the legs of another child); State v. Pryce (June 28, 2000), 9th Dist. No. 19888 (holding that the court properly considered "allegations" that the defendant sexually abused his nephews); State v. McGowin (Feb. 16, 1999), 12th Dist. No. CA98-08-92 (stating that the court could consider evidence that the defendant molested his son even though he was never charged with this crime); State v. Bedinghaus (July 31, 1998), 1st Dist. No. C-970833 (ruling that the court was free to weigh evidence that the defendant admitted to police that he molested his daughter even though he was never charged for this offense).
 {¶ 25} In any event, the risk assessment was admitted without objection as a court exhibit and used as evidence of appellant's likelihood of recommitting. In this assessment, it was disclosed that appellant admitted to touching his daughter in 1997 at which time he contemplated suicide. The risk assessment states that the abuse of his daughter occurred over a period of years starting when she was seven and ending when she was eleven. It is undisputed that appellant had a prior conviction for assault. Statements by the prosecutor and defense counsel indicate that this assault was the result of a plea bargain where the originally charged offense was sexual in nature. See R.C. 2950.09(B)(2)(b).
 {¶ 26} Evidence revealed that appellant was placed on probation for that offense and that he attended sexual offender treatment for two years. This risk assessment emphasized that appellant failed to seek assistance before abusing his son, and thus, the objective of the past treatment was not realized or appreciated by appellant. This failure to use the tools available to prevent a re-offense was described as a strong indicator that his offense cycle will continue. The court also opined that the past therapy did not impress upon appellant the problems that he has. See R.C. 2950.09(B)(2)(b) and (f). The state noted that appellant shows no remorse, and this concern is reiterated in the risk assessment, upon which the court placed much reliance. It is also noted that he denies touching his son in spite of his guilty plea. In fact, the risk assessment states that appellant blames his daughter for being the one who sexually abused his son and of coaching his son to blame him.
 {¶ 27} The victim was a small child who may have been five years old when the abuse started. See R.C. 2950.09(B)(2)(c). The victim was the offender's own son, whom the court found suffered serious psychological harm. See. R.C. 2950.09(B)(2) ("including but not limited to"). The court found that appellant used his position of authority, custody, and control over the child to engage in sexual deviance. Id.; R.C. 2950.09(B)(2)(j). The risk assessment advises that he has no empathy for either his daughter or his son.
 {¶ 28} Moreover, the nature of the conduct alleged is more extreme than sexual battery, a charge that was merely the result of a guilty plea. See R.C. 2950.09(B)(2)(h). Engaging in sexual conduct, such as oral sex, with a six-year-old is rape. Id. Whether there exists a demonstrated pattern of abuse must also be considered along with the nature of the conduct. Id. In this case, we have some evidence of a demonstrated pattern of abuse as the conduct allegedly occurred from November 2000 through November 2001. Id.
 {¶ 29} Similarly, using one's parental authority to force one's child to engage in sexual conduct has been ruled to be "force or threat of force" sufficient to result in a force specification, the conviction for which would have mandated a life sentence. See R.C. 2950.09(B)(2)(i). The trial court also noted that it feared recidivism due to appellant's inability to consistently admit what happened. (Tr. 12).
 {¶ 30} After applying the factors to the case before us, it is apparent that the trial court did not err in finding that it had before it clear and convincing evidence that appellant was likely to commit another sexually oriented offense in the future. Hence, this assignment of error is overruled.
 {¶ 31} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
Donofrio and DeGenaro, JJ., concur.